United States District Court
District of Massachusetts

| Plaintiff Pro-se — Charlie Dontay Vick<br><br>Vs.<br><br>Defendants —<br>Commonwealth of Massachusetts;<br>City of Boston;<br>City of Revere;<br>Revere Police Department;<br>Det. Lynn Romboli;<br>Nicole Cordiero esq. | Case No.<br><br>28 U.S.C.A. § 1331 |
|---|---|

## Complaint

### Parties

1. The plaintiff is a resident of Billerica, Middlesex County, Massachusetts and a citizen of The United States.

2. The defendant is The Commonwealth of Massachusetts, Suffolk County; The Chief Executive officer is Charlie Baker, and is a citizen of The United States.

3. The defendant is the City of Boston, Suffolk County,

Massachusetts. The Chief Executive officer Is, Martin Welsh and Is a Citizen of The United States.

4. The defendant Is the City of Revere, Suffolk County, Massachusetts. Brian Arrigo Is the Chief Executive Officer, and a Citizen of The United States.

5. The defendant, Det. Lynn Romboli Is a Detective In the Criminal Investigative Division for the City of Revere, Massachusetts and a Citizen of The United States.

6. The defendant Is The Revere Police Department, of Revere, Massachusetts. James Guido Is the Chief of the Revere police Department, and a Citizen of Massachusetts.

7. The defendant, Nicole Cordiero Esq. Is a attorney of Linclon, Massachusetts and Is a Citizen of The United States.

## Jurisdiction

8. This district Court shall have Original Jurisdiction of all Civil actions arising under the Constitution, law, or treaties of The United States (28 U.S.C.A § 1331).

9. The plaintiff Is claiming violation of Due process

guaranteed by The Constitution of The United States (5th Amendment, 14th Amendment) also, Cruel and unusual punishment (8th Amendment).

## Facts

10. The plaintiff In the above mentioned civil action was convicted of criminal charges (9/23/13), In Suffolk Superior Court (Docket # 1184CR11202 A, C, E). These charges were later overturned due to Prosecutorial Misconduct, see, <u>Commonwealth V. Charlie Dontay Vick, 89 Mass. App. Ct. 1103, 43 N.E. 3d 727 (2016)</u>, after imprisonment was imposed and served. (Two and one half years, to, Two and one half years and one day).

11. Based on the same evidence from the first trial, the plaintiff was later retried (11/1/16), In Suffolk Superior Court, and acquitted of all charges. The facts of the Criminal Case Is as follows:

12. The evidence, viewed in the light most favorable to the Commonwealth, permitted the jury to find Charlie Vick and a friend arrived on the front steps of Nicole Woods's house In Revere Massachusetts, On October 17, 2011 at 10:30 pm, during a heated scense involving several Indivials. An arguement ensured, during which Vick "smacked" Nicole Woods's niece, Sheneka Gombs, which whom he had been romantically involved and "punched" Gombs's friend Ashley Celester. Woods's brother responded by trying to hit Vick, but he stopped when Vick

fired six shots from a nine millimeter handgun. The gun was never recovered, but six shell cases were collected and introduced in evidence.

13. Throughout the closing argument, the prosecutor improperly attacked the defendants character. "Evidence of a persons bad character is generally not admissible for proving that he act In conformity with it". Commonwealth Vs. Daley, 439 Mass. 558, 562, 789 N.E 2d 1070 (2003). See, Commonwealth Vs. Bonds, 445 Mass. 821, 829, 840 N.E 2d 939 (2006); Mass. G. Evid § 404 (a)(1)(2015). "Consequently, it is improper for a prosecutor to offer evidence of bad character for the purpose of proving the Commonwealths case, or to argue that a jury should consider the defendant's bad character as evidence that he committed the crime on which they are deliberating". Commonwealth V. Daley, Supra at 563. See, Mass. G. Evid. § 1113 (b)(3)(c)(2015).

14. In arguing why the jury should infer that Vick fired the gun, the prosecutor called him "an angry boy pissed at some girl who he is sleeping with." She went as far to suggest that, "maybe if [the defendant] spoke a little bit more affectionately to the girls around him as he does his gun, we wouldn't all be here today". And finally she summed up the case by saying, "It's about how the defendant communicated with people around him. And he communicated through unnecessary violence, punching girls, shooting guns". These comments went

beyond forceful argument from the evidence to improper character attack. The case was not about how the defendant communicated or a propensity of violence, it was about the idenitity of the person who fired the gun and wether Vick struck Celester. (Who had no relationship with Vick.)

15. The prosecutor went beyond the evidence in arguing that Woods was a reluctant witness because, unlike when she spoke to the police, at trial "she was facing the defendant, a boy she loves, her nephew, and the family of the defendant, who she considers to be her family: His grandmother, his mother, his sister, his father. They're all there". Not only were there no evidence regarding who was present in the court room, See. Commonwealth Vs. Rivera, 52 Mass. App. Ct. 321, 327, 753 N.E 2d 823(2001) but this line of argument may also have suggested, without any basis in the evidence, that Vick and his family were responceible for Woods's memory loss. While evidence-based arguments about a witness's credibility are proper, See. Commonwealth Vs. Deloney, 59 Mass. App. Ct. 47, 52, 794 N.E 2d 613(2003) this line of argument imporperly suggested that the prosecutor knew something the jury did not.

16. Although the Judge and Vick went to great lenghts to prevent the jury from hearing that one of Vick's recorded telephone calls introduced in evidence was placed from prison, in closing arguments the prosecutor stated, "You heard his voice in a jail call — strike that — your heard his voice

In a phone recording". This slip of the tongue was nonetheless imporper. "A prosecutor is barred from referring in closing argument to matters that has been excluded from evidence". Commonwealth Vs. Corroll, 439 Mass. 547, 554, 789 N.E 2d 1062 (2003). The prosecutor's improper statements constituted prejudical error. See, Commonwealth V. Santiago, 425 Mass. 491, 500, 681 N.E 2d 1205 (1997); Commonwealth V. Grinkley, 75 Mass. App. Ct. 798, 807, 917 N.E 2d 236 (2009).

17. While seeking to introduce a prior inconsistant statement that a witness made to a police investigator the prosecutor elicited testimony that the investigator had "listen to jail calls" and recovered "jail letters". The first reference was immediately stricken, and in responce to the second reference the Judge call a recess and tellingly asked the prosecutor, "What are you trying to achieve? Reversible error no matter how many times I rule in your favor?"

18. The imporper arguments went to the heart of the case urging the jury to find Vick guilty of carrying a loaded firearm despite the fact that no firearm was recovered, and that they should believe the out-of-court statements of the recalcitrant witnesses. In combination with other improprieties in the course of the trial, the improper arguments likely made a difference in the case.

19. The prosecutor's emphasis on the defendant's relationships with women was calculated to besmirch his character and ultimately went to far. The prosecutor first played on the theme from the opening, referring to Gombs as "One of the witnesses the [the defendant] Is Intimately Involved with", to Celester as "another girlfriend" — although there was no evidence that they were ever romantically involved — and Desousa as his "at-home girlfriend". There was no reason to ask Desousa, the last eye witness to testify, wether Vick was sleeping with Gombs, wether he was seeing other women when he was with her, or who Parker was (Vick's ex-girlfried). The prosecutor accentuated the character attack by establishing that Vick provided financially for Parker and their child together but that Parker did not know Vick to have a job.

20. Likewise, there was no reason for the prosecutor to question an officer who was peripherally involved with the investigation about the process of obtaining a search warrant (which the officer testified, Includes a recitation of "true facts" reviewed by a supervisor" and then taken to a Judge to obtain permission to search"). See, Commonwealth v. McCollum, 79 Mass. App. Ct. 239, 260, 945 N.E.2d 937 (2011). See also Commonwealth v. Sapoznik, 28 Mass. App. Ct. 236, 243-244, 549 N.E.2d 116 (1990). The same witness then testified that he had been investigating the defendant for two years. This testimoney was

irrelevant and unfairly prejudicial.

21. On November 1st, 2016 the Commonwealth retried the Criminal Complaint (Docket# 184CR11202 A,C,E), based on the same evidence from the first trial. And all Charges were Acquitted; These are essentially the facts.

22. The delibrate Careless, reckless, and malicious actions of the prosecutor has caused great emotional stress, duress, extreame anxiety, feelings of deprivation, demoralization, extreame depression, loss of liberty, desolation, extreame despondency, due to sepration from my children and loved ones, sadness, heartache, extreame despair, extreame loss of appetite, weight loss, vomiting caused by stress and anxiety, the deprivement of liberity and freedom has extreamely hurt my moral integrity, and Spiritual Integrity, destruction of my hopes and dreams, extreame discouragement, loss of Schooling opportunity, loss of my job, my world has been completely obliterated, completely dispirited, dishearten, discontent, feelings of perturbation, alienation from Society, feelings of resentment toward myself, loss of Sleep, Sleep disorder, all because of the Obstruction of Justice.

23. The plaintiff is seeking relief for; Violation of his rights guaranteed by the United States Constitution (5th Amendment, 14th Amendment, Due Process), Cruel and unusual punishment (8th Amendment).

24. Malicious Prosecution § 21:2, § 21:12; To substain an action for malicious prosecution where the improper institution of a criminal proceeding is relied on, the burden is on the plaintiff to prove that the defendant instituted a prosecution against the plaintiff, See, Correllas V. Viveiros, 410 Mass. 314, 572 N.E 2d 7 (1991); Beecy V. Pucciarelli, 387 Mass. 589, 441 N.E 2d 1035 (1982) that it has ended in the plaintiff's favor, Knott V. Sargent, 125 Mass. 95, 1878 WL 10916 (1878) See, Desmond V. Fawcett, 226 Mass. 100, 103, 115 N.E 280 (1917), that the prosecution was instituted without reasonable and probable cause, Kelsea V. Swett, 239 Mass. 79, 125 N.E 143 (1919), and that the prosecution was instituted maliciously. Rosenblum V. Ginis, 297 Mass. 493, 497, 9 N.E 2d 525 (1937); Falvey V. Faxon, 143 Mass. 284, 9 N.E 621 (1887) See also, Quaranto V. Silverman, 345 Mass. 423, 187 N.E 2d 859 (1963); Bednarz V. Bednarz, 27 Mass. App. Ct. 668, 542 N.E. 2d 300 (1989).

25. Intentional or reckless Infliction of emotional distress generally § 13:5; On who without privilage to do so, by extreame and outrageous conduct intentionally causes severe emotional distress to another, is subject to liability for such emotional distress and the bodily harm resulting from it. See, Agis V. Howard Johnson Co., 371 Mass. 140, 355 N.E. 2d 315 (1976); George V. Johnson Marsh Co., 359 Mass. 244, 268 N.E. 2d 915, 46 A.L.R. 3d 762 (1971) See also, Mello V. Stop and Shop Co. Inc. 402 Mass. 555, 524 N.E. 2d 105 (1988).

26. Pain and Suffering § 12:19; A plaintiff is entitled to

recover for physical pain and mental suffering undergone in the past and for pain and suffering that is likely to occur in the future. See, Menard V. Collins, 298 Mass. 40, 9 N.E. 2d 387 (1937). Compensable mental suffering can include fright, apprehension as to the effect of the injury, nervousness, and humiliation. See, Anderson V. W.R. Grace and Co., 628 F. Supp. 1219 (D. Mass. 1986)

27. Also, Slander, defimation of character, attorney fee's, and all expenses incurred while incarcerated.

28. WHEREFORE, the plaintiff is seeking punitive and monetary relief in the amount of 4,000,000.00$ (four Million dollars). And such other relief as this Honorable Court deems fit.

29. The plaintiff demands a trial by Jury.

Charlie Dontay Vick
(PRO-SE)
Charlie Dontay Vick
269 Treble Cove Rd.
Billerica, MA 01862