# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLIE DONTAY VICK,<br><br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS, CITY OF BOSTON, CITY OF REVERE, REVERE POLICE DEPARTMENT, DET. LYNN ROMBOLI, AND NICOLE CORDEIRO,<br>    Defendants. | Civil Action No.<br>17-11531-PBS |

## MEMORANDUM AND ORDER

**SARIS, Ch. J.**

For the reasons stated below, plaintiff's motion to proceed *in forma pauperis* is allowed, an initial filing fee is assessed, and plaintiff is ordered to file an amended complaint within 28 days.

**I.     Background**

Plaintiff Charlie Dontay Vick was convicted in Suffolk Superior Court of carrying a firearm, carrying a loaded firearm, and assault and battery. Com. v. Vick. 89 Mass. App. Ct. 1103 (2016)(unpublished decision). On appeal, the Massachusetts Court of Appeals held that prosecutor's closing argument and other argument was unfairly prejudicial and ordered a new trial. Id.  Vick was retried and acquitted of the same charges on November 1, 2016. Vick is currently incarcerated, apparently on unrelated charges. Vick brings this civil action for monetary damages against the Commonwealth of Massachusetts, the City of Boston, the City of Revere, the Revere Police Department, Detective Lynn Romboli and former Assistant District Attorney Nicole

Cordeiro for alleged violation of his civil rights, malicious prosecution, intentional infliction of emotional distress, and defamation. (ECF No. 1). Along with his complaint, Vick filed a motion to proceed in forma pauperis. (ECF No. 2)

## II. Discussion

### A. Vick's Motion to Proceed In Forma Pauperis

Vick's motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $16.00.[1] The remainder of the fee, $334.00, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Middlesex County House of Correction, along with the standard Notice to Prison form.

### B. Screening of the Complaint

Because Vick is a prisoner proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings in forma pauperis) and 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

---

[1] Because Vick is a prisoner-plaintiff, his motion to proceed *in forma pauperis* must be accompanied by "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" so that the court may determine the initial partial filing fee and subsequent monthly payments required for the filing fee. 28 U.S.C. § 1915(a)(2), (b). Vick only included information from July 5, 2017 through August 3, 2017. Accordingly, the Court calculates Vick's filing fee obligation based upon the information provided for this period prior to the filing of this action.

immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). Section 1915A also authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

### 1. Federal Claims under 42 U.S.C. § 1983

Vick claims that his civil rights have been violated under the United States Constitution. "42 U.S.C. §1983 grants individuals the right to sue those acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia ... [for] the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Freeman v. Town of Hudson, 714 F.3d 29, 37 (1st Cir. 2013)(quoting 42 U.S.C. § 1983). To state a claim, Vick must show that "the challenged conduct [is] attributable to a person acting under color of state law" and that "the conduct must have worked a denial of rights secured by the Constitution or by federal law." Id. (citing Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997)).

#### a. Claims against the Commonwealth of Massachusetts

The Commonwealth of Massachusetts is not a "person" within the meaning of 42 U.S.C. § 1983 with respect to actions for monetary damages. Rosario–Urdaz v. Rivera–Hernandez, 350 F.3d 219, 222 (1st Cir.2003). Accordingly, Section 1983 damages claims against the Commonwealth of Massachusetts are subject to dismissal.

### b. Claims against Former Assistant District Attorney Nicole Cordeiro

Vick's complaint apparently describes former Assistant District Attorney Nicole Cordeiro's trial conduct. The doctrine of absolute prosecutorial immunity protects any prosecutorial "actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom." Miller v. City of Boston, 297 F. Supp. 2d 361, 370 (D. Mass. 2003). Vick alleges nothing more than prosecutorial conduct during the original trial, and that he was retried based upon the same evidence. Accordingly, as pleaded, all Section 1983 claims against Nicole Cordeiro are subject to dismissal.

### c. Claims against the Revere Police Department

Although named as a party, no specific allegations are made against the Revere Police Department. Nevertheless, a Section 1983 claim cannot be pursued against the Revere Police Department because it is not a "person" within the meaning of § 1983. Rather, it is a municipal department of the City rather than an independent legal entity that is subject to suit. Franklin v. City of Boston, No. CV 16-10484-FDS, 2016 WL 4534016, at *1 (D. Mass. Aug. 30, 2016) (citing Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971)). Although no specific allegations are made against the Revere Police Department, to the extent a claim against the Revere Police Department were inferred under Section 1983, it is subject to dismissal.

### d. Claims against the City of Boston and City of Revere.

Although named as a parties, there are no specific allegations made against the City of Revere or the City of Boston. A municipality or other local government may be liable under Section 1983 if the governmental body itself "subjects" a person to a deprivation of rights or

"causes" a person "to be subjected" to such deprivation. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978). But, under Section 1983, local governments are responsible only for "their own illegal acts." Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986) (citing Monell, 436 U.S., at 665–683). They are not vicariously liable under Section 1983 for their employees' actions. See id. at 691; Canton v. Harris, 489 U.S. 378, 392 (1989); Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (collecting cases). Here, no allegations were made against the City of Boston or City of Revere, and any Section 1983 claims are subject to dismissal.

### e. Claims against Detective Lynn Romboli

Although named in the complaint, Vick makes no specific allegations against defendant Detective Lynn Romboli. Without more, Vick has failed to state claim against Romboli and any Section 1983 claim against her is subject to dismissal.

### 2. State Claims

At this stage, because Vick's federal claims are subject to dismissal, and unless the defects are cured, the Court will likely not exercise its jurisdiction over state claims pursuant to 28 U.S.C. §1367. The Court may revisit this issue upon screening of the amended complaint.

### 3. Failure To Comply with Rule 8 of the Federal Rules of Civil Procedure

The factual basis of Vick's complaint is that a state prosecutor made inappropriate argument during Vick's original trial and that he was subsequently acquitted after re-trial. That type of claim is not actionable as a federal claim against the prosecutor. Furthermore, Vick makes no specific allegations against any of the remaining defendants. Therefore, as to the remaining defendants, the complaint materially fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires Vick to include in the complaint, *inter*

5

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Moreover, as the United States Supreme Court has stated, under Rule 8, Vick must plead more than a mere allegation that the defendants have harmed him. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555). See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted). In light of the above, if Vick can assert facts that cure the substantive deficiencies set forth herein, he must file an amended complaint setting forth plausible claims upon which relief may be granted. The amended complaint will stand on its own and replace the original complaint. In preparing the amended complaint, Vick should focus on the legal claims against each defendant,

and the factual basis for such claims. See Fed. R. Civ. P. 8 and 10. In other words, Vick should set forth minimal facts as to who did what to whom, when, and where. He should not assert claims collectively against the defendants, but should parcel out the claims against each defendant separately. Vick also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

**III.     Conclusion and Order**

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $16.00. The remainder of the fee, $334.00, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Middlesex County House of Correction, along with the standard Notice to Prison form. Because plaintiff is proceeding in forma pauperis, his complaint is subject to screening pursuant to 28 U.S.C. §1915(e).

2. Plaintiff shall file an amended complaint to cure the deficiencies listed herein within 28 days of the date of the entry of this Memorandum and Order.

3. Failure to comply with this Order will likely result in dismissal of this action.

**SO ORDERED.**

Dated:  September 15, 2017

/s/ Patti B. Saris  
Patti B. Saris  
CHIEF JUDGE, UNITED STATES DISTRICT COURT